# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |  |
|---|---|---|
| JAMES L. PHILLIPS, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:17-CV-224 |
| REDKEY TOWN BOARD, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the motion to dismiss filed by Defendant Redkey Town Board on June 12, 2017 (ECF 5). In response to the motion, Plaintiff James L. Phillips sent a letter to the Court requesting a hearing (ECF 8, docketed on June 15, 2017), filed a document requesting a Clerk's entry of default against Redkey (ECF 9, docketed on June 15, 2017), and filed a "supplement" to his Complaint (ECF 10, docketed on June 28, 2017). Redkey did not file a reply brief (which was due July 10) and so this matter is ripe for resolution. For the reasons explained below, the Court rules as follows:

1) The motion to dismiss (ECF 5) is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**;

2) Plaintiff James Phillips will be afforded an opportunity to file an Amended Complaint so he can provide more factual detail to explain and support his claim. **Phillips is directed to file any Amended Complaint on or before September 15, 2017**. If Phillips fails to file an Amended Complaint or chooses not to do so, this case will be dismissed without further notice or hearing;

3) Defendant Town of Redkey is **INSTRUCTED *NOT* TO FILE AN ANSWER OR OTHER RESPONSIVE PLEADING TO ANY PROPOSED AMENDED COMPLAINT UNTIL

**DIRECTED BY THE COURT TO DO SO**;

4) The Clerk of the Court is instructed to bring any Amended Complaint Phillips files to the Court's attention when it is received and docketed; and

5) The Court interprets Phillips' request for a hearing (ECF 8) and request for default judgment (ECF 9) as motions and both are **DENIED AS MOOT**.

## STANDARD OF REVIEW

Phillips is proceeding *pro se*. A trial court must liberally construe a *pro se* plaintiff's pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Hart v. Amazon.com, Inc.*, 191 F.Supp.3d 809, 816 (N.D. Ill. 2016), aff'd, 845 F.3d 802 (7th Cir. 2017) ("Because Plaintiff is proceeding *pro se*, the Court construes his complaint 'liberally' and holds it to a 'less stringent standard than formal pleadings drafted by lawyers.'") (quoting *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

Redkey's motion to dismiss is brought pursuant to Fed.R.Civ.P. 12(b)(1). A Rule 12(b)(1) motion challenges jurisdiction in federal court, and the plaintiff bears the burden of establishing the elements necessary for jurisdiction. *Scanlan v. Eisenberg*, 669 F.3d 838, 841-42 (7th Cir. 2012). When ruling on a 12(b)(1) motion, a court may look beyond the complaint's allegations and consider any evidence that has been submitted on the issue of jurisdiction. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). In this case, Redkey argues that Phillips' Complaint should be dismissed pursuant to Rule 12(b)(1) because it fails to establish either diversity jurisdiction or federal question jurisdiction.

Phillips' Complaint states, in its entirety, as follows: "The Redkey Town Board took my land across Railroad St. They are tearing up my apple trees and stealing my land on other side of street." *Id*., p. 2. It doesn't take much in the way of interpretation or inference to grasp that Phillips is accusing the Town of Redkey of illegally seizing his private property, or part of it at least, and he is seeking some sort of remedy for that alleged conduct. Such a claim can be brought pursuant to the "takings" clause of the Fifth Amendment, or perhaps as a procedural due process claim, which in turn would invoke this Court's federal question jurisdiction. But Phillips' two-sentence Complaint doesn't mention the Fifth Amendment or due process (or any other federal law or right) and subject matter jurisdiction cannot simply be assumed, which means the Defendant's motion to dismiss under Rule 12(b)(1) is well taken.

But if the Court's inference is reasonable and Phillips is bringing this lawsuit on a theory that Redkey violated his rights under federal law by seizing part of his land–whether in violation his Fifth Amendment rights, his procedural due process rights, or some other right–thereby bestowing federal question jurisdiction on this Court, then the sufficiency of that claim would be challenged under Fed.R.Civ.P. 12(b)(6) rather than Rule 12(b)(1). Redkey does not invoke Rule 12(b)(6) in its motion to dismiss, even as an alternative argument, instead relying solely on Rule 12(b)(1) as the basis for the motion. Redkey is correct about one thing: the threshold issue at this point (or at any point in the life of a case) is whether this Court has jurisdiction to hear the Plaintiff's claim. Redkey says no, and so the case should be dismissed (with prejudice). But even though Redkey chose not to present an argument under Rule 12(b)(6), the Court can review Phillips' Complaint under that subsection *sua sponte*, which affords an opportunity to examine more closely any claim he is attempting to assert and then to determine whether it is one over

which this Court has jurisdiction. If not, dismissal under Rule 12(b)(6) for failure to state a claim would also be warranted. A *sua sponte* "dismissal pursuant to Rule 12(b)(6) is permitted, 'provided that a sufficient basis for the court's action is evident from the plaintiff's pleading.'" *Ruiz v. Kinsella*, 770 F.Supp.2d 936, 945 (N.D.Ill. 2011) (quoting *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir.1997)); *see also*, *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003)[1] ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service[.]") (citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir.1999)).

While a Rule 12(b)(1) motion raises a direct challenge to a district court's subject matter jurisdiction, a Rule 12(b)(6) motion, in contrast, "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The complaint must contain factual allegations that plausibly suggest a right to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). When analyzing a motion under either Rule 12(b)(1) or Rule

---

[1] In *Hoskins*, the *pro se* plaintiff filed a lawsuit alleging that "employees of Milwaukee entered his land, demolished his dog house, and ripped up his flower bed." *Hoskins*, 320 F.3d at 363. The district court dismissed the case for failure to state a claim but the Seventh Circuit reversed. The appellate court wrote that the "complaint should not have been dismissed. The fundamental allegations–unreasonable searches and seizures, denial of notice and an opportunity to be heard, and an attempt to take property for private use–rely on established legal theories[.]" *Id*. However, in *Hoskins* the Seventh Circuit noted that "The complaint is well written, and Hoskins's grievance is easy to understand. At about 2 ½ single-spaced pages, it meets the description of Fed.R.Civ.P. 8. The legal theories are well established; Hoskins is entitled to relief if he can prove what he alleges, so the complaint survives a test under Fed.R.Civ.P. 12(b)(6)." *Id*. Phillips' Complaint, on the other hand, provides virtually no facts to explain his claim; it consists instead of his conclusory allegation that Redkey "stole" his land, which is insufficient to state a claim (or indicate federal jurisdiction). Phillips should be given an opportunity to file an Amended Complaint that adds factual information about his claim. Like the plaintiff in *Hoskins*, Phillips "may be unable to prove [his claim], but he is entitled to try." *Id*. at 765.

12(b)(6), the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Scanlan*, 669 F.3d at 841. And while *pro se* plaintiffs are afforded a wider canvas on which to present their claims, the court need not accept a plaintiff's legal conclusions or conclusory allegations, which are insufficient to defeat a motion to dismiss. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

## DISCUSSION

James Phillips resides in the town of Redkey (which is in Jay County, Indiana). Complaint (ECF 1). As noted above, his Complaint consists of two sentences and reads: "The Redkey Town Board took my land across Railroad St. They are tearing up my apple trees and stealing my land on other side of street." *Id*., p. 2. Phillips does not request any relief in his Complaint, but in his request for default judgment he writes that "[t]his is my Default Judgement Claim for the Town Board members of Redkey who [failed] to answer my Complaint. I want $1000 dollars plus travel pay six cents a mile that's what I got when I was in the Navy." Request for Default Judgment (ECF 9), p. 1.

Redkey *did* file a timely Answer to Phillips' Complaint (*see* ECF 3), so his assertion that he is entitled to a default judgment is unfounded. Redkey also filed the present motion to dismiss at the same time, arguing that the case should be dismissed for lack of jurisdiction. Defendants' Memorandum in Support of Motion to Dismiss (ECF 6), p. 3. Redkey contends that "Plaintiff has failed to indicate in his Complaint that diversity of citizenship between himself, a private citizen, and Defendant, an Indiana resident, exists and, thus, this Court has no subject matter jurisdiction over this matter." *Id*. The town also contends that "the [P]laintiff's Complaint fails to allege any federal right or law that Defendant is alleged to have violated." *Id*. Based on these

contentions (which are correct), Redkey argues as follows:

> This Court must presume that it lacks subject matter jurisdiction as to the issues addressed in the Complaint. . . . [T]he plaintiff's complaint completely fails to set out any information in his Complaint that would indicate that this Court would have subject matter jurisdiction over the allegations contained in the Complaint. Because Plaintiff has failed to meet his burden, Defendant respectfully requests that this matter be dismissed *with prejudice* for lack of subject matter [jurisdiction] pursuant to Federal Rule of Civil Procedure 12(b)(1).

*Id*., p. 4 (italics added).[2] The Court agrees that this case must be dismissed, although dismissal will be *without* prejudice for the reasons discussed below. The Court could dismiss Phillips' Complaint based solely on Redkey's Rule 12(b)(1) jurisdictional argument, and enter a very short order doing so, but that would prejudice Phillips by depriving him of at least some amount of explanation and guidance to help him decide whether to file an Amended Complaint. Assessing his Complaint under the pleading sufficiency standards of Rule 12(b)(6) and Rule 8, on the other hand, helps better explain why the original Complaint is being dismissed and why it is deficient in its present form.

---

[2] The Complaint reveals on its face that there is no diversity of citizenship between the parties in this case, given that a professed Indiana resident is suing an Indiana town (i.e., a state municipal entity or political subdivision). But the Court concludes that any claim Phillips is attempting to assert is likely based on federal question jurisdiction rather than diversity jurisdiction, even though the precise nature of that federal question is elusive. So, while Redkey is correct that diversity jurisdiction does not exist, that argument does not support dismissal of Phillips' Complaint since it is more reasonable to infer that Phillips is basing jurisdiction on some federal law (such as the Fifth Amendment or federal due process, for example) and failed to articulate that. At the end of the day, though, Phillips' present Complaint is silent on the threshold issue of jurisdiction and so Redkey's motion to dismiss under Rule 12(b)(1) will be granted. But Phillips' *pro se* status mandates that the Court, in the interest of justice, permit him to file an Amended Complaint that explains in more detail the facts be believes support his claim that Redkey illegally seized and/or damaged his property, which in turn may cure the admittedly serious deficiencies in the present Complaint by clarifying Phillips' cause of action and its federal jurisdictional foundation.

Phillips' Complaint is sparse on factual details, to put it mildly. Still, it is clear that Phillips is accusing the town of Redkey of seizing and damaging his land. The Court's identification of a possible "taking" claim, however, is based not on a liberal interpretation of Phillips' Complaint, but on mere speculation that he *might* intend such a claim. The fact that the Court is forced to speculate as to the nature of Phillips' claim or claims demonstrates the insufficiency of his Complaint since the failure "to raise a right to relief above the speculative level[]" is the very definition of insufficient pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The documents that Phillips filed in response to Redkey's motion to dismiss, with one exception, don't help clarify his Complaint.[3] In his letter to the Court Phillips states that he wants "a hearing on my Complaint against Redkey Town Board who did not return to get with me [sic] about my Fed[eral] Law Suit against them and I need a hearing to present my evidence and how I have been treated by the Redkey Town Board." (ECF 8). His filing requesting a default judgment includes two attachments. The first is a copy of a letter he received from Deborah Leonard, an Assistant United States Attorney for the Northern District of Indiana, dated September 14, 1994. (ECF 9), p. 2. The letter references routine scheduling matters in two cases, *James Phillips v. Dep't of Veterans Affairs*, No. 1:94-CV-233, and *James Phillips v. Department of Defense*, No. 1:94-CV-230, both of which Phillips filed in this Court in 1994 (and both of which he voluntarily dismissed within weeks of filing). The relevance of this document to the present case is a mystery. Also attached to his filing requesting a default judgment is a copy of an undated article

---

[3] Redkey's Answer to Phillips' Complaint states simply that "[t]he defendant denies the allegations contained in the Plaintiff's Complaint." Answer (ECF 3), p. 1.

from a publication named "The Commercial Review" that explains how Phillips decorated "boats . . . with a patriotic theme" and displayed them "along with photos, to honor veterans." *Id*., p. 3. This display took place "in a lot on Main Street in Redkey." *Id*. The relevance of this document is also a mystery and neither it nor the 1994 letter from the U.S. Attorney's Office help explain what claim or claims Phillips is trying to assert. Finally, Phillips' "supplement" to his Complaint also consists of two documents. The first is a copy of a check made payable to Phillips, and remitted by the Town of Redkey, in the amount of one dollar. (ECF 10), p. 1. The check is dated May 30, 2017, includes a notation referencing a "sewage fund," and was payable from a "Sewage Works Construction Account." *Id*. Once again the relevance of this document is a mystery, although it does serve as a clue that the dispute underlying this lawsuit might have something to do with a sewer construction project in Redkey that caused Phillips to lose a portion of his property or incur damage to a portion of his property. But while the Court might be onto a scent here, that's hardly enough on which to base federal jurisdiction. The second document included in Phillips' supplement is a "Public Notice" of the Town of Redkey's financial statement for fiscal year 2016. *Id*., p. 3. Phillips offers no explanation about the relevancy of this document either.

Phillips' Complaint is pretty much a model of inadequacy when it comes to providing "fair notice of what the . . . claim is and the grounds upon which it rests[,]" which is required by Federal Rule 8 and which is the minimum required to survive a Rule 12(b)(6) motion to dismiss. "To survive a Rule 12(b)(6) motion to dismiss, the complaint must comply with Rule 8(a)(2) by providing 'a short and plain statement of the claim . . .'" that also "gives defendants 'fair notice'" of the nature of that claim. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011) (citing

8

*Twombly*, 550 U.S. at 555). This is true notwithstanding Phillips' *pro se* status, since "even *pro se* plaintiffs must identify a plausible right to relief in order to satisfy the pleading requirements." *Simmons v. Yoder, et al.*, 2017 WL 3037437 (C.D.Ill. July 18, 2017) (citing *Killebrew v. St. Vincent Health, Inc.*, 295 F. App'x 808, 810 (7th Cir. 2008)). "A dismissal of a complaint is appropriate when 'the factual detail . . . is so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8.'" *Id*. (quoting *Srivastava v. Daniels*, 409 F.App'x 953, 955 (7th Cir. 2011)). Phillips' Complaint is as sketchy as they come and must be dismissed under Rule 12(b)(6) for that reason.

There is another reason why Phillips' Complaint must be dismissed. Faced with a similar case[4] in which a *pro se* plaintiff sued Columbia County, Wisconsin, and the Columbia County Board Building Committee under 42 U.S.C. § 1983 "for allegedly violating his property rights in their efforts to condemn his property to make way for a new construction project[,]" the district court granted the defendants' Rule 12(b)(6) motions to dismiss for failure to state a claim, holding that "[u]nder the ripeness doctrine for constitutional property rights (or 'takings') claims, federal courts cannot adjudicate § 1983 claims directly related to a land dispute until the property owner exhausts available state remedies for compensation." *Gruber v. Columbia Cty.*, 2017 WL 766917, at *1 (W.D. Wis. Feb. 27, 2017) (citing *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172, 193-94 (1985)). Similarly, Phillips' Complaint

---

[4] The *Gruber* case is "similar" to this one only in that Gruber sued municipal entities alleging an illegal "taking" of his private property. But it is important to note that the complaint in *Gruber*, even though it was dismissed, was much more detailed than Phillips' Complaint. Gruber actually stated discernable claims and cited state and federal law as the basis for those claims (in addition to expressly requesting "declaratory and injunctive relief[.]"). *Gruber*, 2017 WL 766917, at *1. Phillips' Complaint, obviously, does none of that.

states nothing that would indicate that this matter is ripe for review by this Court even assuming his intention was to state such a claim. So, even if Phillips intends to assert some sort of unconstitutional "taking" claim–which his current Complaint hints at but fails to do–it must be dismissed due to "his failure to exhaust state remedies for just compensation." *Id*. If Phillips has exhausted his state law remedies he can indicate that in his Amended Complaint, and provide relevant documentation if he has any, which would cure this defect in his original Complaint.

Finally, while Redkey's motion to dismiss is well taken, its request for dismissal *with* prejudice is not. It is well established that dismissal, whether pursuant to Rule 12(b)(1) or Rule 12(b)(6), generally should be *without* prejudice to give the plaintiff an opportunity to amend his complaint to cure the deficiencies that led to dismissal. This is especially true in the case of *pro se* plaintiffs, for the obvious reason that they are proceeding without the assistance of counsel.[5] "In assessing a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing subject matter jurisdiction." *Torres v. Merck Sharp & Dohme Corp.*, — F.Supp.3d — , 2017 WL 2480707, *2-3 (N.D.Ill. June 8, 2017) (citing *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014)). Phillips has not met that burden since his Complaint provides nothing more than a hint as to its jurisdictional basis and that failure warrants dismissal. This dismissal will be without prejudice to permit Phillips an opportunity to remedy the defects in his original Complaint (and also so as not to prevent him from pursuing his claim in another court if jurisdiction lies elsewhere, such as in an Indiana state court). "As we said in *Foster* [*v. DeLuca*,

---

[5] The Court would be remiss if it did not encourage Phillips to seek the advice of an attorney before proceeding with this lawsuit, even though he has a right to proceed without the advice or assistance of a lawyer. The assistance of an attorney would be especially important if, as alluded to above, Phillips is attempting to assert a federal "taking" claim that might be subject to exhaustion of state remedies.

545 F.3d 582, 584 (7th Cir. 2008)], '[d]istrict courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint.'" *Childress v. Walker*, 787 F.3d 433, 441 (7th Cir. 2015); *see also*, *Mocek v. Allsaints USA Limited*, 220 F.Supp.3d 910, 913 (N.D.Ill. 2016) ("Dismissals because of absence of federal jurisdiction ordinarily are without prejudice . . . because such a dismissal may improperly prevent a litigant from refiling his complaint in another court that does have jurisdiction." . . . Accordingly, if defendant seeks dismissal with prejudice, then Rule 12(b)(1) is not an appropriate avenue for that relief.") (citations omitted); *Zapata v. C3T, Inc.*, 2013 WL 5786579, *5 (E.D.Wisc. Oct. 28, 2013) (Rule 12(b)(1) dismissal for lack of jurisdiction should be without prejudice); *YP Recovery Inc. v. Yellowparts Europe, SL*, 2016 WL 4549109 (N.D.Ill. Sept. 1, 2016) (granting motion to dismiss under Rule 12(b)(1) "without prejudice to Plaintiff's ability to pursue its claims in the proper court[]").

Phillips' Complaint also must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim, as discussed above. This Court has recognized that even when a *pro se* plaintiff files a complaint that is so sparse or so confusing or so incoherent that no federal claim is discernable, and which must be dismissed for that reason, he should be provided another bite at the apple. Faced with just such a situation–a complaint that was incomprehensible–this Court dismissed the complaint with leave to amend, explaining as follows:

> Upon review, the complaint does not meet the minimal standards established by Rule 8 and Rule 12(b)(6). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). That statement must be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581

11

> (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. [89]at 93 [2007]). "[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011).
>
> Here, [plaintiff's] complaint is incomprehensible. While the Court acknowledges the Supreme Court's dictate that *pro se* complaints be liberally construed, *Erickson*, 551 U.S. at 94, that does not obviate a *pro se* Plaintiff's obligation to provide basic notice of the nature of his claims to the opposing party under Rule 8(a)(2). [Plaintiff] has failed to do so. Therefore, it would also be proper to dismiss this case without prejudice pursuant to Rule 12(b)(6). *See, e.g., Loubser v. Thacker*, 440 F.3d 439, 433 (7th Cir. 2006) ("the complaint is confusing. The district court would have been within its rights in dismissing it on that ground . . . but with leave to replead"); *Hopkins v. Indiana State Dep't of Corrections*, 2014 WL 3378674, at *2 (S.D. Ind. July 8, 2014) (dismissing complaint without prejudice where the allegations were confusing).

*Stokes v. Navistar International Corporation*, 2015 WL 8180274 (N.D.Ind. Dec. 7, 2015) (Judge DeGuilio).

For all of the reasons just discussed, this Court grants Redkey's motion to dismiss but does so *without* prejudice to Phillips' ability to file an Amended Complaint. If Phillips files an Amended Complaint that provides more background facts about his claim–that is, explaining more specifically what Redkey did regarding his property, when the events occurred, and what action, if any, he took to pursue any state law remedies–the Court will review it to determine if it clarifies his claim and the jurisdictional basis for it.

If Phillips files an Amended Complaint that fails to cure the deficiencies that exist in his original Complaint then his case would once again be subject to dismissal, at which point dismissal *with* prejudice might be warranted, notwithstanding Phillips' *pro se* status. As the Seventh Circuit recognized in *El v. AmeriCredit Financial Services*:

> Dismissals because of absence of federal jurisdiction ordinarily are without prejudice . . . We added the qualifier "ordinarily" for two reasons. The first is the

sensible remark in *Caribbean Broadcasting System, Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1091 (D.C.Cir. 1998), that "in rare circumstances, a district court may use its inherent power to dismiss with prejudice (as a sanction for misconduct) even a case over which it lacks jurisdiction, and its decision to do so is reviewed for abuse of discretion." . . . Second, if the reason there's no federal jurisdiction is the plaintiff's having predicated jurisdiction on a frivolous federal claim, dismissal with prejudice is appropriate, *Beauchamp v. Sullivan*, . . . 21 F.3d [789,] 790-91 [(7th Cir. 1994)], for such a suit will go nowhere in any court.

*El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 751 (7th Cir. 2013). *See also*, *Bigsby v. Davol Inc.*, 2017 WL 2472274 *5 (S.D.Ind. June 8, 2017) (dismissing under Rule 12(b)(6) *with* prejudice after plaintiff's repeated failure to meet Rule 8 pleading requirements). This Court also has the discretion to dismiss a complaint with prejudice if it determines that any attempt to amend would be futile. *See Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001) ("Although leave to amend a complaint should be freely granted when justice so requires, the district court need not allow an amendment . . . when the amendment would be futile."); *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666-68 (7th Cir. 2007) (*Pro se* plaintiffs are afforded great deference, but a court "is not required to allow them opportunities to amend *ad nauseam* where doing so would be futile.").

In the present case, at this juncture, dismissal without prejudice is warranted.

## CONCLUSION

For the reasons discussed above, the Court rules as follows:

1) The motion to dismiss (ECF 5) is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**;

2) Plaintiff James Phillips will be afforded an opportunity to file an Amended Complaint so he can provide more factual detail to explain and support his claim. **Phillips is directed to file any**

13

**Amended Complaint on or before September 15, 2017**. If Phillips fails to file an Amended Complaint or chooses not to do so, this case will be dismissed without further notice or hearing;

3) Defendant Town of Redkey is **INSTRUCTED *NOT* TO FILE AN ANSWER OR OTHER RESPONSIVE PLEADING TO ANY PROPOSED AMENDED COMPLAINT UNTIL DIRECTED BY THE COURT TO DO SO**;

4) The Clerk of the Court is instructed to bring any Amended Complaint Phillips files to the Court's immediate attention after it is received and docketed; and

5) The Court interprets Phillips' request for a hearing (ECF 8) and request for default judgment (ECF 9) as motions and both are **DENIED AS MOOT**.

    **SO ORDERED.**


Date: August 15, 2017.

    /s/   William C. Lee
    William C. Lee, Judge
    United States District Court
    Northern District of Indiana